**James E. MCMILLAN, Plaintiff–Appellant,**

v.

**TOGUS REGIONAL OFFICE, DEPARTMENT OF VETERANS AFFAIRS, Regional Office New York City, Department of Veterans Affairs, New York City Medical Center, Department of Veterans Affairs, Brook-**

lyn New York Medical Center, Department of Veterans Affairs, New York City Department of Veterans Affairs Ratings Board, National Archives and Records Administration, Aka National Personnel Records Center, Aka Military Personnel Records Center, Original Record Unit, National Personnel Records Center, Under Secretary for Health, Department of Veterans Affairs, Chief Medical Director of Department of Veterans Affairs, Department of the Army, Department of Defense, Center for Disease Control and Prevention, National Academy of Sciences and Institute of Medicine, Defendants–Appellees.

No. 04–0377–CV.

United States Court of Appeals, Second Circuit.

Jan. 7, 2005.

James E. McMillan, Brooklyn, NY., for Appellant, pro se.

Steven Kim, Assistant United States Attorney, Eastern District of New York (Orelia E. Merchant, Assistant United States Attorney, Roslynn E. Mauskopf, United States Attorney), Brooklyn, NY, for Federal Appellees.

Joseph Paul Esposito, Akin Gump Strauss Hauer & Feld, LLP (Tonya Rodriguez, Akin Gump Strauss Hauer & Feld, LLP, James Wright, Audrey B. Mosley, National Academy of Sciences), Washington, D.C., for Appellees National Academy of Sciences and Institute of Medicine.

Present: KEARSE, SACK, and HALL, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment be, and it hereby is, **AFFIRMED.**

Plaintiff-appellant James E. McMillan appeals from a judgment of the United States District Court for the Eastern District of New York dismissing, pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6), his action purportedly brought under 42 U.S.C. § 1983, but construed by the district court as an action brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The action was instituted against what have been referred to in this litigation as the "federal defendants"—which include a wide variety of federal agencies—for their alleged failure to provide proper treatment, health benefits, and medical information to McMillan, and against the defendants National Academy of Sciences and the Institute of Medicine for allegedly issuing false, inaccurate, and incomplete reports regarding Agent Orange. McMillan also asserts broad claims of defamation and discrimination against the federal defendants. McMillan, a Vietnam veteran, alleges, *inter alia,* that he was exposed to nuclear radiation, and Agent Orange and other toxins, during his tour of duty in Vietnam, and that he has suffered multiple ailments as a result.

We review *de novo* a district court's dismissal pursuant to either Fed. R.Civ.P. 12(b)(1) or Fed.R.Civ.P. 12(b)(6). *Scherer v. Equitable Life Assur. Soc'y of the United States,* 347 F.3d 394, 397 (2d Cir.2003) (dismissal under Fed.R.Civ.P. 12(b)(1)); *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (dismissal under Fed. R.Civ.P. 12(b)(6)). With respect to the federal defendants, we conclude that the district court properly determined that it lacked jurisdiction to review McMillan's

852

claims regarding eligibility for disability benefits because "the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise," 38 U.S.C. § 511(a). "[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir.1994). Additionally, the district court correctly observed that any tort claims raised by McMillan arising out of his military service are in any event barred under the doctrine set forth in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

█ McMillan's defamation claim alleges a state, rather than a federal, cause of action. Defamation by the government is not alone a violation of a constitutional right of the defamed person and an action therefor cannot be maintained pursuant to *Bivens. See Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Valmonte v. Bane,* 18 F.3d 992, 999 (2d Cir.1994). McMillan asserts no other basis for federal jurisdiction over his defamation claim.

█ Conclusory allegations of racial discrimination are insufficient to maintain a § 1983 action. *See Graham v. Henderson,* 89 F.3d 75, 79, 82 (2d Cir. 1996). McMillan has failed to allege facts sufficient to establish a *prima facie* case of racial discrimination against him by any of the defendants that would allow him to pursue his § 1983 cause of action against any of them. And the district court properly dismissed McMillan's Freedom of Information Act claims for failing to exhaust administrative remedies prior to judicial review. *See* 5 U.S.C. § 552(a).

█ Finally, the district court properly dismissed the claims against the National Academy of Sciences and the Institute of Medicine for allegedly issuing false, inaccurate, and incomplete reports regarding Agent Orange. In the absence of fraud or a special relationship between them, which is not alleged, publishers owe no duty of due care to readers or to the public at large. No cause of action therefore arises (absent fraud) even if published information is false and the falsity results in injury to the plaintiff when the plaintiff, like McMillan, is merely a reader or member of the public. *See, e.g., First Equity Corp. of Florida v. Standard & Poor's Corp.,* 869 F.2d 175, 179 (2d Cir.1989).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.